The court will proceed to the second case this morning for argument, United States v. Jackson and Freeman. May it please the court. Mr. Lowery? It is not a... Yes, sorry. May it please the court. Mr. Lowery? It is not a violation of any Chicago City Ordinance to have an air freshener hanging from your rearview mirror. It is a violation of the Fourth Amendment to pull a driver over only because they have an air freshener hanging from their rearview mirror. And that's exactly what Officer Petras did here, in which he violated the appellant's Fourth Amendment rights by stopping Jackson's car only because he had an air freshener dangling from his rearview mirror. Because Officer Petras' stop of appellants was based on an unreasonable mistake of law, it was unlawful, and all items seized after that stop should be suppressed. As the district court noted, appellants were pulled over in a rather strange situation. Across a busy four-lane highway, Officer Petras claimed that she saw an air freshener dangling from Jackson's rearview mirror. She started following Jackson to run his license plate and then pulled him over. She never claimed the item blocked his clear view of the road, and she never introduced any evidence that it impacted his ability to drive or make turns in traffic. She never testified to any factual issues with his driving, like speeding or a broken taillight. Clearly, Officer Petras just wanted an excuse to pull the car over that day, and she used her Chicago City Ordinance to do so. But as the district court noted, she... So, we actually believe that this court should apply the facts of Garcia-Garcia. The district court felt that his hands were tied by the decision in Garcia-Garcia, and that we had to come to the Seventh Circuit for relief. But Garcia-Garcia did not dispose of it. In fact, the facts are different other than the fact that it has an air freshener. Garcia-Garcia, this court held that it was not a per se violation of any law to have an air freshener hanging from your rearview mirror, and it said that this court should focus on the facts known to the officer at the time. And the facts known to Petras at the time she pulled him over are clear. All that Jackson did wrong was have an air freshener hanging from his rearview mirror. The police here did not offer the air freshener as evidence. There, the police relied on more than just an air freshener. The driver was driving erratically, they noticed nervous behavior. And because of those other factors, they pulled him over. Here, Officer Petras only saw an air freshener and only pulled him over because of that air freshener. The facts in front of us here are more similar to this court's decision in the United States v. Flores, where this court held that when a suspicion is so broad to stop a substantial portion of the lawfully driving public, it's an unreasonable mistake of law and it would be absurd. And that is exactly what we are dealing with here. Think about Officer Petras' day-to-day. She must see hundreds of cars with air fresheners hanging from their rearview mirrors. So why was Jackson so lucky to be the one that got pulled over? But the district court made a credibility determination here that the officer was very credible when she testified. And she testified that she pulled him over because she saw the air freshener and she saw it moving around and it was a violation of the Chicago Ordinance that it was obstructing his view. The district court found that testimony credible. So how do you get around that for appellate purposes? So the district court did find her credible. However, we believe this is an issue of a reasonableness, not the officer's credibility. Any air freshener that's dangling from a rearview mirror is going to be moving. That's the nature of an air freshener. But here, Officer Petras pulled Jackson over only because there was an air freshener hanging from his rearview mirror. There are air fresheners in every Uber, every Lyft, every taxi in the city. If Officer Petras was to pull all of those people over, we would be here talking about hundreds of thousands of cars she's pulled over to enforce this ordinance, which would be, I think we can all agree, a ridiculous conclusion. Instead, we're dealing with one person that Officer Petras pulled over. And over the course of her career, she said that she may be enforced this ordinance four or five times. And as this court held in Florence, any mistake of law that would lead to a substantial portion of the lawfully driving public being pulled over is an unreasonable one. And that's what we're dealing with here. But how is this a mistake of law? How could this be a mistake of law if the violation is of the Chicago Municipal Code is when there's an obstruction of a driver's clear view, and the officer testified, credibly, according to the district court, that she pulled him over because of this obstruction?  So, when Officer Petras pulled Jackson over, what she pulled Jackson was that she pulled him over because he could not have anything hanging from the rearview mirror. Officer Petras believed at the time she pulled Jackson over that any air freshener hanging from the rearview mirror was against the law. And as the district court noted, we know... That's not what she testified to, though. That's not what she testified to at the suppression hearing. She testified at the suppression hearing that she saw the air freshener dangling from the rearview mirror. Right. But she testified that she thought it was obstructing his view. She didn't testify that any air freshener was a violation of the code. In all the facts that... In all the facts of cases like Garcia-Garcia, where an air freshener... There are other factors that officers present when the court finds that a obstruction... When the court finds that the officer reasonably believed something to be an obstruction, and none of those facts are present here. As the government cites in Delfin Covina, the officer must testify to specific articulable facts about why there was a reasonable suspicion. And while we know this case will not be binding on the court because it's an Illinois state case, this is a Chicago Municipal Code ordinance, and people decode the Illinois state case held in a situation very similar to ours, that an officer cannot base reasonable suspicion just because they believe something to be a material obstruction. They have to present facts as to why that was a material obstruction. And at the end of the day, this is a case about the Fourth Amendment. And what does the Fourth Amendment mean? Mr. Lowery, I have one quick question for you. Your time is running out here. Do you agree that the standard here is, this is a Terry stop, and whether or not there was reasonable suspicion as opposed to probable cause? The briefs and the opinion below talk about probable cause, but it seems that the standard here should be reasonable suspicion. Do you agree with that? I believe that the reasonable suspicion and probable cause go hand in hand in this case. And she did not have the reasonable suspicion to establish the probable cause. All right. Without any further questions, Officer Petras made an objectively unreasonable mistake of when she pulled Jackson over only because of an air freshener hanging from his rear view mirror. For the reasons stated in our briefs and argued today, you should reverse the District Court's decision and suppress the evidence seized on September 18, 2018. Thank you, Mr. Lowery. Mr. Mauer? Thank you, Your Honor, and may it please the Court. The District Court properly denied the defendant's motion to suppress. Consistent with this Court's decision in Garcia Garcia, a reasonable officer could conclude that the air freshener hanging from Jackson's rear view mirror constituted a traffic violation. Officer Petras testified at the suppression hearing that prior to initiating her traffic stop, she observed a tree-shaped air freshener measuring nearly 5 inches long and 3 inches wide hanging from Jackson's rear view mirror. Her testimony was corroborated by her body-worn camera footage that showed the air freshener in relation to the driver's seat. She further testified that she believed that air freshener obstructed Jackson's view, and at the conclusion of the hearing, the District Court explicitly found her testimony honest and credible. In Garcia Garcia, this Court held that under substantially similar circumstances, a reasonable officer could conclude that a traffic violation had occurred. The air freshener in Garcia Garcia was the same size and shape and in the same position as the one observed by Officer Petras in this case. Accordingly, Officer Petras' traffic stop satisfied the Fourth Amendment. Do you agree that the Terry stop standard applies here as opposed to probable cause? I do, Your Honor. I believe the law states that a traffic stop can be initiated on the basis solely of reasonable suspicion, and that probable cause is not required. And I would cite to U.S.C. Rodriguez-Escalera as well as U.S.C. Ruiz for that proposition. The defendants have attempted to distinguish Garcia Garcia by claiming that Officer Petras was operating under a mistake of law, that she wrongly believed that the Chicago Municipal Code outlawed any object hanging from her rear view mirror, regardless of its ability to obstruct the view of the driver. But given the historical facts that were established here, Officer Petras' subjective understanding of the law is irrelevant. If an objective review of the record establishes reasonable grounds to conclude that a stopped individual has in fact violated the law, a stop is constitutional even if an officer was mistaken about the scope of activities that the law actually prohibits. For the reasons I previously stated, an objective review of this record satisfies that standard. Therefore, the appellant's preoccupation with Alstratz's supposed mistake of law misses the point, and they fail to recognize that an officer's mistake of law only matters in cases where, as the Ninth Circuit stated in Wallace, an objective review of the facts establishes that the defendant's conduct does not in any way, shape, or form constitute a crime. That is not the case here.  In addition, there was no mistake of law to begin with. Officer Petras testified that at the time of the stop, she believed the Municipal Code only prohibited objects, quote, obstructing the driver's view. And that testimony is found on page 98 of the separate appendix. Her interpretation is consistent with the plain language of the Chicago Ordinance. And although she said in the traffic stop itself that Jackson could not have anything hanging from the rear view mirror, under the Fourth Amendment, she was not required to cite the relevant law at the scene, nor use its exact terminology. And at the suppression hearing, she admitted that her verbiage at the scene was imprecise, and explained that the true reason she stopped the vehicle was because the air freshener, quote, obstructed Jackson's view. Her testimony was corroborated by the written citation she issued at the scene, which is found on page 37 of the appendix. On that citation, she described the relevant offense as, quote, obstruction of driver's view. And again, the district court found Officer Petras' testimony credible. Accordingly, pending any further questions from the court, the government respectfully requests that this court affirm the district court's judgment. Thank you. All right. Mr. Maurer, do you want to make a concluding remark? Anything further? No, Your Honor. Pending any further questions from the court, the government would request that this court affirm the district court's judgment. Thank you. Mr. Stanton? May it please the court, counsel, I'm Bill Stanton on behalf of Napoleon Jackson. I'd like to first address the government's argument regarding Officer Petras' testimony in that she made no mistake of law. If we view the video and hear Officer Petras' own words, the very first thing she says to Napoleon Jackson is, you see that little thing hanging right there? In the state of Illinois, you can't have anything hanging from there. Now, on her third try at the evidentiary hearing, she eventually got around to saying that the municipal code prohibits an obstructed driver's view. But on her first two passes, she stuck with her misunderstanding of the law, that nothing could be hanging from that rear view mirror. And we know, as Judge Gettleman recognized, that's a complete misunderstanding of the law. Now, the government cited to Wallet, and if we look at the facts in Wallet, the trooper there thought that the window tint was illegal because he could barely see the passengers inside the car there. And that was, on an objective review of the facts, that was reasonable for that trooper to pull that car over. Now, when we look here, Officer Petras sees an air freshener, runs the license plate through leads, which she wouldn't have done if she thought the air freshener in and of itself provided her reasonable suspicion, and then effectuates a traffic stop where the first words out of her mouth misstate the law. She then provides an explanation at the evidentiary hearing that her verbiage was off because she was trying to calm the rest of the drivers on the road. That explanation makes absolutely no sense. It should not be credited. Now, where the officer improperly understands the law, and she believes an air freshener is a per se violation, this court in Torrance held that that mistake of law is unreasonable. The evidence collected from the traffic stop should be suppressed. I think based upon everything that Mr. Lowry said earlier today, and what I have just argued, this conclusion by Judge Gettleman, refusing to suppress the evidence is incorrect, and I think this court should overturn it. I'll listen to any questions that your honors may have. Okay. Apparently not. Thanks to all counsel. An additional thanks to Mr. Lowry and Mr. Stanton for accepting the appointments in this case. This case is taken under advisement, and the court will stand in recess. Thank you.